IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARLEDA A. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 753 ) |
| MEGAN J. BRENNAN, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

### BACKGROUND

Plaintiff Sharleda A. Davis (Davis) allegedly began working for the United States Postal Service in 2008. In October 2011, Davis allegedly became involved in a dispute with her co-worker Samuel Nkansah (Nkansah). Subsequently, Nkansah, acting as the auditor-in-charge for a certain project gave Davis coaching notes. In addition, the audit manager for Davis' work group, Nathaniel Adusei (Adusei), allegedly later issued Davis coaching notes and a Performance Expectation Memo (PEM), and placed her on Performance Improvement Plans (PIPs) due to her poor

1

work performance. Davis contends that she was discriminated against, retaliated against, and harassed because of her race, national origin, sex and age. Davis includes in her amended complaint a race discrimination claim brought under the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, a Title VII national origin discrimination claim, a Title VII sex discrimination claim, a Title VII hostile work environment claim, a discrimination claim brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, an ADEA hostile work environment claim, a Title VII retaliation claim, and an ADEA retaliation claim. Defendant now moves for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a

motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Administrative Exhaustion of National Origin Claim

Defendant argues that Davis failed to administratively exhaust her Title VII national origin discrimination claim. A plaintiff seeking to bring claims under Title VII generally "may bring only those claims that were included in her original [administrative] charge, or that are like or reasonably related to the allegations of the charge or growing out of the charge." *Gawley v. Indiana Univ.*, 276 F.3d 301, 313 (7th Cir. 2001). A review of Davis' administrative charge shows that although she complained about alleged discrimination, she never complained about discrimination based upon national origin. (D. Ex. M). Nor do her allegations suggest national origin discrimination or indicate that such a claim might grow out of such charges. In response to the instant motion, Davis has not responded to Defendant's argument on this exhaustion issue. Although Davis now indicates that she is from the United States and Adusei and Nkansah are from Ghana, there is no indication that Davis was unaware of the national origin of Adusei and Nkansah when she filed her administrative charges. Davis did not indicate in her charges that she believed that Adusei and Nkansah acted against her based on her national origin. Davis has not

3

provided justification for failing to pursue her administrative remedies and she is barred from now pursing a Title VII national origin discrimination claim in this case. The court also notes that even if Davis had exhausted her administrative remedies in regard to the Title VII national origin discrimination claim, Davis has failed to point to sufficient evidence to support such a claim and defeat Defendant's motion for summary judgment. Therefore, Defendant's motion for summary judgment on the Title VII national origin discrimination claim is granted.

II.  Title VII Race and Sex Discrimination Claims

Defendant moves for summary judgment on the Title VII race and sex discrimination claims. A plaintiff who is bringing a Title VII discrimination claim and is seeking to defeat a defendant's motion for summary judgment may proceed under the *Ortiz* reasonable factfinder method or the *McDonnell Douglas* burden-shifting method. *Ortiz v. Werner Enterprises, Inc.*, 2016 WL 4411434, at *4-*5 (7th Cir. 2016). In *Ortiz*, the Seventh Circuit, recently held that the district courts should not longer employ the "direct - and -indirect framework," which included the "two tests" that were known as the direct method of proof and indirect method of proof. *Id.* at *4-*5 (stating that the direct and indirect methods of proof "complicate[d] matters by forcing parties to consider the same evidence in multiple ways (and sometimes to disregard evidence that does not seem to fit one method rather than the other)"); *see also Cole v. Board of Trustees of Northern Illinois University*, 2016 WL 5394654 (7th Cir. 2016)(stating that the court must "look past the ossified

direct/indirect paradigm"). The Seventh Circuit, however, also indicated that it was not barring a plaintiff from proceeding under the *McDonnell Douglas* burden-shifting method, which was commonly referred to in the past as the indirect method of proof. *Ortiz*, 2016 WL 4411434, at *5.

### A. *Ortiz* Reasonable Factfinder Method

Davis argues that she can defeat Defendant's motion under the *Ortiz* reasonable factfinder method. The Seventh Circuit held that a plaintiff can defeat a defendant's motion for summary judgment under the *Ortiz* reasonable factfinder method by pointing to sufficient evidence to show that a reasonable factfinder could "conclude that the plaintiff's [protected characteristic] caused the . . .adverse employment action." *Ortiz*, 2016 WL 4411434, at *5 (stating that "[e]vidence must be considered as a whole"); *Cole*, 2016 WL 5394654 at *8 (stating that "the critical question . . . is simply whether a reasonable jury could infer prohibited discrimination")(internal quotations omitted)(quoting *Perez v. Thorntons, Inc.*, 731 F.3d 699, 703 (7th Cir. 2013)).

Davis contends that on October 5, 2011, Nkansah became angry with her at work when she he approached her to speak to her and she held up her hand to stop him from speaking. (RSF Par. 25-28); (SAF Par. 69-74). Davis further contends that later that day Nkansah told Davis that he believed that she had been disrespectful to him. (SAF Par. 75). Davis claims that Nkansah and Adusei "were born and raised in Ghana, and have worked together and known each other for almost twenty years."

5

(Resp. 1). According to Davis, once Nkansah felt as though he had been treated in a disrespectful manner by Davis, "Nkansah and Adusei launched a systematic campaign to get rid of her. . . ." (P Supp. 2). Davis clearly connects the alleged misconduct of Nkansah and Adusei to the one incident with Nkansah, stating that "[a]lmost immediately after reporting the incident, Davis received a flurry of negative, often petty and unfounded coaching notes from Nkansah, some with a very hostile tone." (SAF Par. 82). Nkansah allegedly convinced Adusei to conspire to punish Davis by giving her the PEM, PIPs and unsatisfactory performance reviews. (P. Supp. 2). Davis mainly relies on her own testimony and personal speculation to support her version of events. However, even if the court credited Davis' testimony and Davis could show as she claims that Nkansah felt disrespected by her and in turn convinced Adusei to help take action against Davis in retaliation, that would not show that Nkansah or Adusei acted based on an unlawful animus. Although as Davis states that she believes that Nkansah and Adusei acted against her because of her sex and race, the facts she relates regarding the incident with Nkansah do not support such a conclusion. The evidence pointed to by Davis if found to be credible indicates only that Nkansah had a personal grudge against Davis and talked his friend, Adusei into conspiring to take retribution against Davis based on the grudge. Actions based solely on personal animosity is not prohibited under Title VII. *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012)(indicating that Title VII does not "protect[] against . . .personal animosity"); *Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663, 666 (7th Cir. 2005)(indicating that Title VII does not

protect against mere "personal animosity"); *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267 (7th Cir. 1990)(concluding that the evidence showed that the plaintiff's "claim of race discrimination [was] actually a claim that [someone] bore a personal grudge against him" and that "a personal grudge does not equal race discrimination"); *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1294 (7th Cir. 1987)(stating that "[p]ersonal animosity, even monstrous conduct, is not actionable under . . . Title VII unless based on race"); *Benzies v. Illinois Dep't of Mental Health & Developmental Disabilities*, 810 F.2d 146, 148 (7th Cir. 1987)(stating that Title VII "is not a civil service statute").

 Although Davis contends that she believes Adusei and Nkansah acted against her based on her race and sex, she provides nothing more than her personal speculation to support such conclusions. Davis indicates that she is African-American and that Nkansah and Adusei are of African descent. Davis fails to point to sufficient evidence to indicate why two individuals of African descent would hold an animus against an African-American based on her race. Davis has not pointed to sufficient evidence for a reasonable trier of fact to infer that actions were taken based on Davis' race. Davis also contends that Nkansah and Adusei both have an animus against African-American women. Davis does not assert that Nkansah ever made any derogatory comment about African-Americans or women and Davis admits pursuant to Local Rule 56.1 that she never heard Adusei make any such comments. (RSF Par. 58). To the extent that Davis seeks to argue that Nkansah and Adusei dislike women because they are from Ghana, that is exactly the kind of unjust

7

stereotyping of individuals that Title VII was intended to prohibit. Davis must do more than simply point to her race and sex and argue that she believes that unfavorable things happened to her because of those characteristics. Davis has failed to point to sufficient evidence to show that a reasonable factfinder could find that Davis' race or sex was the reason for the alleged adverse actions taken against her. Thus, Davis cannot defeat Defendant's motion for summary judgment on the Title VII race and sex discrimination claims under the *Ortiz* reasonable factfinder method.

### B. *McDonnell Douglas* Burden-Shifting Method

Davis also argues that she can proceed under the *McDonnell Douglas* burden-shifting method. Under that method a plaintiff must first establish a *prima facie* case by showing: (1) that "she is a member of a protected class," (2) that "she met [her employer's] legitimate job expectations," (3) that "she suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class were treated more favorably." *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 342 (7th Cir. 2016). If the plaintiff establishes a *prima facie* case, "the burden shifts to [the employer] to give a legitimate, nondiscriminatory reason for" it actions, and if such a reason is given, "the burden shifts back to [the plaintiff] to offer evidence that [the employer's] reason is mere pretext for unlawful discrimination." *Id.*

Defendant argues that Davis has failed to point to similarly-situated employees outside of the protected class that were treated more favorably. Although Davis states that she believes that non-African-American employees and male employees

8

were treated more favorably, Davis admits that she does not know who those other employees are. (RF Par. 53-54). The only employee identified in response to a similarly-situated employee outside the protected classes is Larry Fugate (Fugate), who is allegedly a white male who Davis contends was treated more favorably. (Resp. 13-14). Davis contends that Fugate did a poor job at work and yet received less coaching notes than Davis. However, even if the court accepts Davis' contention that she was a better worker than Fugate, Davis has not provided any meaningful analysis of the coaching notes received by herself and Fugate. The number of coaching notes alone would nearly not be as significant as the magnitude of the errors involved. Nor has Davis shown that the types of mistakes made by Fugate were comparable to those made by Davis. Davis has thus failed to show that she was similarly situated with Fugate.

    Defendant also argues that Davis has failed to show that the reason given by Defendant was a pretext for unlawful discrimination. As indicated above, although Davis attributes the actions taken against her to her race and sex, Davis offers little more than her personal speculation in support. Davis has not pointed to sufficient evidence to show that the coaching notes and performance reviews she received were the result of any hidden animus. The evidence pointed to by Defendant indicates that actions were taken against Davis because of a legitimate belief that Davis was doing a poor job at work. Even if the court were to credit Davis' theory of a hidden conspiracy underlying all the actions taken against Davis, such facts would indicate only issues relating to personal animosity. Davis has thus failed to show that the

Defendant's given reason was a pretext for unlawful discrimination. Therefore, Defendant's motion for summary judgment on the Title VII discrimination claims is granted.

III. ADEA Discrimination Claims

Defendant moves for summary judgment on the ADEA discrimination claims. A plaintiff who is bringing an ADEA discrimination claim and is seeking to defeat a defendant's motion for summary judgment may generally proceed under the same standards applied to Title VII claims. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1114 n.3 (7th Cir. 2009)(stating that the court "appl[ies] the same analytical framework to employment discrimination cases whether they are brought under the ADEA or Title VII"); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir.2006)(providing that ADEA claims were subject to the same standards that were in effect at that time for Title VII claims). In the ADEA context, for the similarly-situated employee requirement for the *McDonnell Douglas* burden-shifting method, a plaintiff must show that "similarly situated, substantially younger employees were treated more favorably." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 609 (7th Cir. 2012)(quoting *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771-72 (7th Cir. 2002)).

The analysis for the *Ortiz* reasonable factfinder method for the ADEA discrimination claim is similar to analysis for the Title VII claims brought by Davis. If this court credits Davis' version of events and makes inferences in her favor, at best the evidence would suggest the possibility of a personal grudge in this case.

10

Defendant has also pointed to ample evidence showing that the actions taken against Davis were based on a legitimate perception that Davis' work performance was poor. There is a lack of evidence tying any misconduct to Davis' age. It is undisputed that Nkansah is actually older than Davis. (RSF Par. 9). It is further undisputed that Davis is the second youngest worker in her work group. (RSF Par. 6-9). Davis' version of events would actually suggest discrimination in favor of older workers, which is not what ADEA prohibits in any case. Davis has not pointed to sufficient evidence to defeat Defendant's motion under the *Ortiz* reasonable factfinder method.

In regard to the *McDonnell Douglas* burden-shifting method, Defendant argues that Davis has failed to point to a similarly-situated employee outside of the protected class that were treated more favorably. It is undisputed that Fugate is older than Davis. (R SF Par. 9). It is further undisputed that in Davis' work group only Kelly Peters (Peters) was younger than Davis, and Davis has not pointed to specific evidence indicating favorable treatment for Peters. Davis has also failed to show that any conduct taken against her was a pretext for unlawful discrimination. Even if the court accepted Davis' version of events, they indicate only a personal dispute with Nkansah. Also, Defendant has pointed to evidence showing that the actions taken against Davis were warranted. Therefore, Defendant's motion for summary judgment on the ADEA discrimination claims is granted.

IV.  Hostile Work Environment Claims

Defendant moves for summary judgment on the hostile work environment claims.  A plaintiff can show unlawful discrimination in violation of Title VII by establishing that she was subjected to harassment that was "sufficiently severe or pervasive to alter the terms and conditions of employment. . . ."  *Cole*, 2016 WL 5394654.  For a Title VII hostile work environment claim, a plaintiff must show: (1) that "[s]he was subject to unwelcome harassment," (2) that "the harassment was based on" protected characteristic, (3) that "the harassment was severe or pervasive so as to alter the conditions of the [plaintiff's] work environment by creating a hostile or abusive situation," and (4) that "there is a basis for employer liability."  *Id.*

Davis has not pointed to sufficient evidence to show that any alleged harassment was based on a protected characteristic.  Even when accepting Davis' version of events, the evidence indicates only that Nkansah and Adusei acted based on personal animosity rather than based on a protected characteristic.  Davis has also failed to point to evidence showing that it was so severe or pervasive that it altered the conditions of her employment.  Davis contends that on one occasion Nkansah became angry with her when he felt she had shown disrespect to him.  There is no evidence he made any physical contact with Davis or threatened to do so or verbally insulted or harassed Davis.  That isolated incident is not sufficient for a reasonable trier of fact to find a hostile work environment.  Davis also contends that she was subjected to coaching notes and performance reviews that she believed were not warranted.  A hostile work environment is not established each time an employee

disagrees with the reviews of a supervisor or feels like he/she is not being treated fairly by a supervisor. Even though Davis claims that some coaching notes had a "hostile tone," that is not sufficient to render her workplace a hostile work environment. (SAF Par. 82). Even when considering all of the evidence in its totality, Davis has failed to point to sufficient evidence for a reasonable trier of fact to conclude that she was subjected to a hostile work environment. In addition, in regard to any ADEA hostile work environment claim, the Seventh Circuit has not yet recognized such a claim and this court declines to recognize such a novel claim at this juncture. *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 678 (7th Cir. 2005). Therefore, Defendant's motion for summary judgment on the hostile work environment claims is granted.

V. Retaliation Claims

Defendant moves for summary judgment on the retaliation claims. Although the allegations in the complaint indicate Davis is bringing retaliation claims, Davis has not pursued such claims in these proceedings. Davis has not presented any arguments in support of retaliation claims and has not pointed to evidence to support such claims. Davis also acknowledged at her deposition that she is not pursuing such a claim. (Davis Dep. 5); (RSF Par. 57). In opposition to the instant motion Defendant also contends that Davis failed to include retaliation claims in her administrative charges and thus waived such claims. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003)(stating that "[i]n order to bring an ADEA

13

claim in federal court, a plaintiff must first have raised it in a timely EEOC charge"). Therefore, Defendant's motion for summary judgment on the retaliation claims is granted. The court also notes that in response to the instant motion, Davis seeks to revisit a ruling on a discovery issue in this case.

An opposition to a motion for summary judgment is not the proper brief in which to make such an argument and Davis has not shown that the court erred in its ruling on that discovery issue.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion for summary judgment is granted.

                                                   _____
                                                   Samuel Der-Yeghiayan
                                                   United States District Court Judge

Dated: September 29, 2016